**JUDY TRUST for David QUINN, and J.D. Children Trust for William Crow, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 86–4958.

United States Court of Appeals, Fifth Circuit.

July 24, 1987.

Shuey & Smith, John M. Shuey, Shreveport, La., for plaintiffs-appellants.

Michael L. Paup, Chief, Appellate Sec., Dept. of Justice, Roger M. Olsen, Asst. Atty. Gen., David I. Pincus, Ann Belanger Durney, Washington, D.C., for defendant-appellee.

Before WRIGHT,* GEE, and JOLLY, Circuit Judges.

GEE, Circuit Judge:

In this appeal, we are asked to decide whether Louisiana law permits the creation of separate trusts from class trusts before class closure. The question is a doubtful and important one, and we have determined that we should seek the assistance of the Louisiana Supreme Court in deciding it—in view both of the distinctive character of the legal system of Louisiana as compared to the systems of other States of the Union and of the probable appreciable impact of such a decision upon trust administration within that State.

## I.

David and Gretchen Crow executed two trust instruments creating irrevocable inter vivos trusts in favor of their grandchildren. The 1967 instrument creating the Judy Trust or trusts states:

> The beneficiaries of this trust shall be all of the children of their daughter, Judith Crow Quinn, there having been born to her at this time one son, David Saunders Quinn.

> It is the intention of Settlors to create a class trust in favor of their grandchildren born to or adopted by their daughter, Judith. The interest of each beneficiary shall be held and considered as a separate trust.

> The interest of any beneficiary who dies intestate and without descendants during the term of this trust shall vest in the other members of the class. Should any beneficiary die leaving descendants, his or her interests shall be held in trust for the benefit of such descendants per stirpes, and such interest shall be divided into the number of separate trusts necessary to comprise one trust for each beneficiary.

Except for the beneficiary designations, the 1972 instrument creating the J.D. Children Trust or trusts contains the same words.

Until 1979, the instruments were treated as establishing two class trusts. Each trust filed one tax return and each had one bank account.

By 1979, two more grandchildren had been born to Judith Quinn. The Judy Trust was renamed the Judy Trust for David Quinn and an amended return was filed. The amended return declared only the share of income supposedly attributable to David. Also filed were additional returns, named the Judy Trust for John Quinn and the Judy Trust for Rebecca Blair Quinn. The J.D. Children Trust returns were similarly amended. In this manner, the income of each trust was split. Given the progressive tax rate, this enabled the Judy Trust to seek a $47,613 refund and the J.D. Children Trust to claim one of $18,602.

* Circuit Judge of the Ninth Circuit, sitting by designation.

## II.

The Commissioner denied these refund requests, and the taxpayers sued. On cross-motions for summary judgment, the district court upheld the Commissioner. In the memorandum accompanying its summary judgment, the court stated that separate trusts could not be created from a class gift before the class closes because no defined corpus exists until closure. The parties agree that neither the Judy Trust nor the J.D. Children Trust classes has closed.

In its memorandum denying the taxpayer's motion for a new trial, the court said also that separate trusts could not be created because not all beneficiaries were in being and ascertainable at the time of trust creation and because not all interests were immediately vested. Taxpayers appeal.

## III.

Louisiana Revised Statute Annotated § 9:1803 (West 1964) states that "[a] beneficiary must be in being and ascertainable on the date of the creation of the trust, except as otherwise provided in this Code." Inter vivos trusts, such as those at issue here, are "created upon the execution of the trust instrument...." La.Rev.Stat. Ann. § 9:1822 (West 1964). When the Judy Trust instrument was executed in 1967, intending to create a class trust and separate trusts, only one grandchild, David, was in being and ascertainable. The other two grandchildren, the intended beneficiaries of the separate trusts, were not. The separate trusts intended to be created by the J.D. Children Trust present parallel fact situations. Little commentary or authority on such trusts exists. See Robertson, *Some Interesting Features of the Proposed Trust Code*, 24 La.L.Rev. 712, 722 (1964); *cf. Succession of Burgess*, 359 So.2d 1006, 1023 (La.Ct.App.) (separate testamentary trusts for benefit of "grandchildren living at the time of my passing" did not fail for want of beneficiaries), *writ denied*, 360 So.2d 1178 (1978).[1]

The class trusts, being an exception to Louisiana Revised Statute § 9:1891 (West 1964), appear to allow for the creation of a class trust if one member of the class is in being. . Since a grandchild beneficiary of both the Judy Trust and the J.D. Children Trust was in being when the instruments were executed, both class trusts appear to be valid. *See* La.Rev.Stat.Ann. § 9:1753 (West 1964) ("A trust instrument shall be given an interpretation that will sustain the effectiveness of its provisions if the trust instrument is susceptible of such interpretation.").

## IV.

Our research has revealed only one Louisiana authority in even the general area of this controversy. That is *Succession of Burgess*, 359 So.2d 1006 (La.App.1978—4th Cir.), writ denied, 360 So.2d 1178 (La.1978); however that decision concerns separate testamentary trusts, not class ones such as are presented here. In light of the uncertainty of Louisiana law on the issue presented, that stated in the first sentence of this opinion, we certify it to the Louisiana Supreme Court:

CERTIFICATE FROM

THE UNITED STATES COURT OF

APPEALS FOR THE FIFTH CIRCUIT

TO THE SUPREME COURT OF
LOUISIANA

PURSUANT TO RULE XII,

LOUISIANA SUPREME COURT RULES

TO THE SUPREME COURT OF
LOUISIANA

AND THE HONORABLE
JUSTICES THEREOF:

## I. STYLE OF THE CASE

The style of the case in which this certificate is made is *Judy Trust v. United*

---

**1.** Form 104 of the *Louisiana Trust Handbook* is somewhat in point: however, Form 104 creates three class trusts in the same instrument, not three separate trusts from a class trust. J. Rubin & A. Rubin, *Louisiana Trust Handbook* (1978).

*States*, Case No. 86–4958, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Louisiana.

## II. QUESTION CERTIFIED TO THE SUPREME COURT OF LOUISIANA

The following question of law is hereby certified to the Supreme Court of Louisiana for instructions based upon the facts of the case which is the subject of this certification:

> Whether Louisiana law permits the creation of separate trusts from class trusts before class closure?

This Court also certifies to the Louisiana Supreme Court that its answer to this question will be determinative in this case, resolving all issues remaining in contention between the parties on this appeal.

The record in this case, together with copies of the parties' briefs, are transmitted herewith.

QUESTION CERTIFIED.