**JUDY TRUST FOR DAVID QUINN, and J.D. Children Trust for William Crow, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 86–4958.

United States Court of Appeals, Fifth Circuit.

Dec. 8, 1987.

John M. Shuey, Shuey & Smith, Shreveport, La., for plaintiffs-appellants.

Ann Belanger Durney, Michael L. Paup, Chief, Roger M. Olsen, Asst. Atty. Gen., Appellate Sec., Dept. of Justice, David I. Pincus, Atty., Washington, D.C., for defendant-appellee.

Before WRIGHT,* GEE, and JOLLY, Circuit Judges.

GEE, Circuit Judge:

In this appeal, we are asked to decide whether Louisiana law permits the creation of several separate trusts from a single class trust before class closure. The question being an open one and of significance to Louisiana law, we determined that we

---

* Circuit Judge of the Ninth Circuit, sitting by    designation.

should seek the assistance of the Louisiana Supreme Court in deciding it. We therefore attempted to certify it to that Court, preparing and publishing an opinion seeking to do so. 823 F.2d 851 (5th Cir.1987). The Louisiana Court however declined to accept the certification, 514 So.2d 21, so we proceed as best we can to determine this important and precedentless question of Louisiana law, trusting that if we err the Louisiana courts or legislature will correct us after the fact.

## Facts and Background

David and Gretchen Crow executed two trust instruments, each creating an irrevocable inter vivos trust (or what the appellants contend are multiple trusts) in favor of their grandchildren. The 1967 instrument creating the Judy Trust or trusts states:

> The beneficiaries *of this trust* shall be all of the children of their daughter, Judith Crow Quinn, there having been born to her at this time one son, David Saunders Quinn.
>
> It is the intention of Settlors to create *a class trust* in favor of their grandchildren born to or adopted by their daughter, Judith. *The interest of each beneficiary shall be held and considered as a separate trust.*
>
> The interest of any beneficiary who dies intestate and without descendants during the term of this trust shall vest in the other members of the class. Should any beneficiary die leaving descendants, his or her interests shall be held in trust for the benefit of such descendants per stirpes, and such interest shall be divided into the number of separate trusts necessary to comprise one trust for each beneficiary. (Emphasis added).

Except for the beneficiary designations, the 1972 instrument creating the J.D. Children Trust or trusts contains the same words.

Until 1979, the instruments were treated as establishing two class trusts. Each trust filed one tax return and each had one bank account.

By 1979, two more children had been born to Judith Quinn. The Judy Trust was renamed the Judy Trust for David Quinn and an amended return was filed. The amended return declared only the share of income supposedly attributable to David, one-third of the total income. Also filed were additional returns, named the Judy Trust for John Quinn and the Judy Trust for Rebecca Blair Quinn. The J.D. Children Trust returns were similarly amended. In this manner, the income of each trust was split. Given the progressive tax rate, this enabled the Judy Trust to seek a $47,-613 refund and the J.D. Children Trust to claim one of $18,602.

The Commissioner denied these refund requests, and the taxpayers sued. On cross-motions for summary judgment, the district court upheld the Commissioner. In the memorandum accompanying its summary judgment, the court stated that separate trusts could not be created from a class gift before the class closes because no defined corpus exists until closure. The parties agree that neither the Judy Trust nor the J.D. Children Trust classes has closed.

In its memorandum denying the taxpayer's motion for a new trial, the court said also that separate trusts could not be created because not all beneficiaries were in being and ascertainable at the time of trust creation and because not all interests were immediately vested. Taxpayers appeal.

## Analysis

The district court's ruling that these separate trusts cannot be created under Louisiana law is entitled to great weight. *Smith v. Mobil Corp.*, 719 F.2d 1313, 1317 (5th Cir.1983). To us it seems clearly correct in stating that the lack of beneficiaries at the time of the supposed creation of the separate trusts made their creation a legal impossibility.

Louisiana Revised Statute Annotated 9:1803 (West 1964) states that "[a] beneficiary must be in being and ascertainable on the date of the creation of the trust, except as otherwise provided in this Code." Inter vivos trusts, such as those at issue here,

are "created upon the execution of the trust instrument ...". La.Rev.Stat.Ann. 9:1822 (West 1964). When the Judy Trust instrument was executed in 1967, purporting to create a class trust divisible into separate trusts for each beneficiary if there were in the future more than one beneficiary, only one grandchild, David, was in being and ascertainable. The other two grandchildren, the purported beneficiaries of the separate trusts, were not. Therefore, we think, the attempt to create separate trusts must fail for want of a beneficiary. The separate trusts supposedly created by the J.D. Children Trust instrument fail for the same reason. *Accord* Robertson, *Some Interesting Features of the Proposed Trust Code*, 24 La. L. Rev. 712, 722 (1964); *cf. Succession of Burgess*, 359 So.2d 1006, 1023 (La.Ct.App.) (separate testamentary trusts for benefit of "grandchildren living at the time of my passing" did not fail for want of beneficiaries), *writ denied*, 360 So.2d 1178 (La. 1978).[1]

The class trusts, being an exception to Louisiana Revised Statute 1803, do not fail. Louisiana Revised Statute 1891 (West 1964) allows for the creation of a class trust if one member of the class is in being. Since a grandchild beneficiary of both the Judy Trust and the J.D. Children Trust was in being when the instruments were executed, both class trusts are valid. *See* La. Rev.Stat.Ann. 9:1753 (West 1964) ("A trust instrument shall be given an interpretation that will sustain the effectiveness of its provisions if the trust instrument is susceptible of such interpretation.").

AFFIRMED.

---

1. Form 104 of the *Louisiana Trust Handbook* does not support a contrary result. Form 104 creates three class trusts in the same instrument, not three separate trusts from a class trust. J. Rubin & A. Rubin, *Louisiana Trust Handbook* (1978).